MiED ProSe 14 (Rev 5/16)  Complaint for Violation of Civil Rights (Prisoner Complaint)   *19 Pages Complaint; Minus 25 P.* Exhibits
*Minus 8 additional Prior Lawsuits*
*information attached to back of this Complaint*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

*65*

*ALVIN DWAYNE FRAZIER, 379628*
*PRO SE Prisoner Plaintiff-Appellant.*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

*v. T. Kisor, Eric Mattson, Richard Russell, Woodward, Blum*
*DEPARTMENT OF JUSTICE and NOAH NAGY, Warden of Cotton (JCF) Prison, Schilling*
*JEREMY SAVICKE, Correctional officer,*
*SCOTT BAILEY, The Cotton (JCF) Prison Inspector, CHRISTINE MCCUMBER-HENRY, et al., Many Titles, Appellees-Defendants.*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case:2:23-cv-10338
Judge: Steeh, George Caram
MJ: Grand, David R.
Filed: 02-08-2023 At 04:11 PM
PRIS FRAZIER SR. V. DEPT. OF JUSTICE ET AL (DA)

Jury Trial: ☑ Yes   ☐ No
*(check one)*

F I L E D
FEB - 3 2023
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

# Complaint for Violation of Civil Rights
## (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

**In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.**

# TABLE OF CONTENTS

PAGE(S)

INDEX OF AUTHORITIES......................... 4
PREVIOUS LAWSUITS AND APPEALS FILED.... 5
STATEMENT OF FACTS..................... 6, 8-14
STATEMENT OF CLAIMS.................. 8-14
RELITIGATION IN DEFENDANTS' PERSONAL
CAPACITIES WITH NEW SUPPORTED CLAIMS.. 8-14
ALLOGATIONS OF ERRORS................. 15-19


SUPPORT: PROPER: Prisoner Entitled To AGUi;
     I. Prisoner' Plaintiff'S when Their
     Due Process Rights And First Amend-
     ment Michigan Constitutional Right's
     Are Violated Entitle Them To
     Recover From Financial Losses............... 5, 7
     A. Protected Prisoners Under Title II Degraded,
     Forced To Complete Litigation Involving
     Officials In Their Official Capacities
     Does NOT Preclude Relitigation Against
     Them as Defendant's In Their Personal
     Capacities; All Grievances Processes Completed;... 6-10
     B. Defendant's Filings of False Class
     One Weapons Misconduct That Was Dismissed
     Require Courts To Rule Defendant's Retaliated;
     C. Protected Prisoners Denied Legal Materials
     Libraries, Assistance by Trained Persons, Requires
     Relitigation Approval By Courts; and........ 10-11

2

Additional Page Of:

Continued:

# TABLE OF CONTENTS   PAGE(S)

D. Prisoner's Legal Mail Received
Past Court's Deadline To Filed
En Banc Petitions Requires A
Retaliation Be Found To ALLOW
Relitigation Because The Mental and
Emotional Harm, Financial Losses
Mr. Alvin Frazier, Sr., Faced.............11-14

Relief Sought..........................15-19
Appendix............................i
Exhibits Proffers Exhaustion of MDOC Required
(PLRA) At Cotton "JCF" prison Entitl...........ii
Prisoner Alvin Frazier, prison #379628, Request
for Grievance Identifier JCF/2211/2494/28 J, Ex.B,
Verification why His Legal Mail Was Received
Late, And Defendants Response Highlighted   iii
Opinions and Orders of November 18, 2022...iv

3

# INDEX OF AUTHORITIES

PAGE(S)

JCF-G. Robert Cotton Correctional Facility
Operating Procedure, Effective Date 10/25/2022,
Number 05.03.118; Supersedes OP-JCF-
05.03.118 Prisoner Mail Dated: 11/01/2019
Page 1 thru 16, Sections VI., and VII., Informational... 6-9

ADA Claims, in concert with Michigan Constitution First,
Sixth, Eighty Fourteenth Amendment Rights Under
Title II, U.S.C. § 1201 et seq., 42 U.S.C. §
12132, 29 C.F.R. Civ. P. §§ 601-1602, 1610-14,
1630, 1644, and at 28 C.F.R. § 35 ............... 6-19

MCL 440.9501 Violation TAX Refund ......... 9

Step III COMPLETED GRIEVANCE PROCESS... 10

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

# I. PREVIOUS LAWSUITS

Have you filed any other lawsuits in state or federal court relating to your imprisonment?

☑ Yes          ☐ No

If "Yes," complete the following section. If "No," proceed to Part II.

Please list all prior civil actions or appeals that you have filed in federal court while you have been incarcerated.

| | |
|---|---|
| Docket or Case Number: | *See Attachments, Back of Complaints* |
| Name of Court: | |
| Parties (Caption or Name of Case): | |
| Disposition: | |

| | |
|---|---|
| Docket or Case Number: | *See Attachment Back of Complaints* |
| Name of Court: | |
| Parties (Caption or Name of Case): | |
| Disposition: | |

| | |
|---|---|
| Docket or Case Number: | *See Attachment Back of Complaints* |
| Name of Court: | |
| Parties (Caption or Name of Case): | |
| Disposition: | |

**Any additional civil actions should be listed on a separate sheet of 8½" x11" paper and securely attached to the back of this complaint.**

*See Attached Prior Lawsuits Filed History as Attachment to Back of Complaint, PS. 1 thru 8. Cover page as page 1.*

2

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

## II. STATEMENT OF FACTS

State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include the names of other people, dates and places involved in the incident. Do not give any legal arguments or cite any cases or statutes.

The fact of my Case is, I am a Prisoner at Cotton (SCF) prison housed that have relied on its agency promogated for my guidance and benefit as a Michigan Prisoner entitled to Americans with Disability Act protections who has suffered substantially because I been denied proper legal material, Law libraries, and legal writer assistance to help assist me during this entire year of 2022 and from start of pandemic during 2019 thru 2022 at this time by T. Schubring, the (SCF) prison Business Manager whose responsible for making sure my rights of this Case was not denied. On dates of 10-23-2022, 11-21-2022, 10-15-2022, 11-22/2022, 12-2/2022, 11-18-2022, DEC 06, 2022, 12-26-2018, while all times I been housed at Cotton (SCF) T. Shubring, et al, been the people involved. See

## III. STATEMENT OF CLAIMS

for others named:

State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. Set forth each claim in a separate paragraph. If you intend to allege several related claims, number and set forth each claim on a separate 8½" x 11" sheet of paper and securely attach the papers to the back of this complaint.

**I.** The Defendant's of Jackson Cotton Facility (JCF) prison has violated this Prisoner Plaintiff "ADA" Protected Rights, the Constitution First, Eight, Fourteenth Amendment rights. Fact is, Title II of the United States have been Violated Involving agreed to treaties. Also the Sixth Amendment of Michigan Constitution has been Violated. **A.** As Plaintiff I, allege several Claims starting with the before mentioned and here after; That T. Shubring Cotton (SCF) prison Business Manager has been the Cotton (SCF) prison Manager since my arrival here on December 10, 2016, approximately and has been at all times aware since being the successor of prior business Manager MS. Unknown Blair, this Facility prior employee of (JCF) prison, and T. shubring has had total responsibility for ensuring that Cotton operational procedure PD 05.03.118 is complete and accurate. (See attached papers to back of complaint P.S. 8 thru 14). numbered.

## IV. RELIEF

State briefly and exactly what you want the Court to do for you.

**A.** Issue a declaratory Judgment stating that:
   1. The Mental and Emotional abuse of the Plaintiff by

6

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

Defendants Department of Justice, Noah Nagy, Sgvick, Kudur, Bailey, Henry, Shubring, Kisor, Cobbs, White, Belton, Smith, Ryan Davidson, Russell, Mattson, Woodward, Flynn, Body, Blair, Harper, Walter, Breslon, Ulch, Washington, Pahl, violated the plaintiff's ADA prisoner rights by excluding him from participating in his religious services, denying him the benefits of programs, also activities, of Cotton (JCF) prison and subjected him to discrimination by it's entire body of prisoners and employees under U.S.C. § 12101 et seq. and U.S.C. § 12132, 28 C.F.R. §§ 601, 602, 1610-1617, 1630, 1641, and at 28 C.F.R. § 35 where applies. Also his Michigan Constitutional First, Sixth, Eighth, Fourteenth Amendments, and Title II rights.

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.** See additional attached Pages 15 thru 19, for relief I want court to do for me.

Executed (signed) on ___January 31, 2023___ (date).

_Alvin D. Frajesco Sr_
Signature of Plaintiff

7

Additional Claims: Sheets of Paper
III

Attached: III. STATEMENT OF CLAIMS, ps. 1 thru

A. Protected Prisoners Under Title III Paragraph:

Continual:

Continued: Complies with all applicable Administrative Rules,
Policy Directives, Director's office Memorandum
(DOM), and JCF-G. Robert Cotton Correctional
Facility Operating Procedure, Section VI my
being a "prisoner incoming mail" to transcribed mail
from the vendors returned my legal mail to (JCF)
prison mail room Staff for Mail room Staff to
determined if the Content of my legal mail was
approved or prohibited that came from the sixth
Circuit Court of Appeals late T. Shubring State
because I received the mail on 10/28/2022 that
had a post mark date of 10/07/2022 was gave.

2. I allege my legal mail I received late
was defined as mail from a Court, or Court Clerk
of a Court that received special handling late.
Further I allege that I filed Grievance after
I tried to resolve my matter of my late had
been gave my legal mail resorted in my lawsuit
on appeal Case being Closed to no fault of my own.
That in Section VII of OP. 05.03.118 my legal
mail was gave to me according to "Special Handling
for Legal Mail" and logged in (Mailroom Legal Mail
Log book) by mail/room Staff and toward to Cotton
(JCF) Prison Control Center Unopened. My legal mail
was delivered to me through the Control Center and inspected

Attached: III. STATEMENT OF CLAIMS, ps. 2 of in the presence of me this Case Pro se Prisoner Plaintiff Mr. Frazier, Sr., I further Claim that this is a relitigated Case of new Claims of interfering with my legal mail and exempt from deduction — No Sigma Income Tax funds in violation of MCL 440. 9501.

3. Defendant T. Shubring, the Cotton (JCF) prison business manager is responsible for making sure when prisoners filed their taxes that any funds that was deemed exempt from deduction of any Kind was gave to prisoners and not deducted from, and this was not done in this Case even when the business manager T. Shubring was informed by Plaintiff Mr. Frazier, Sr., and

4. The business office employee Unknown Jane Doe's and John Doe's T. Shubring refuse to give their names Could be responsible, but its unknown and truth is T. Shubring is the main responsible individual responsible for the matter of my loss financial Claims that the grievance Concerns. See as support of my Claims my attachments that Proofers my Claims hereafter:

1. See wrote Kites I sent to the grievance Coordinator & Warden N. Nagy of Cotton (JCF) on December 21, 2022, Kite to the Business Manager T. Shubring on December 18, 2022, with Exhibits As Attachment i); 1 thru 4 Pages.

traditional Claims, Sheet of paper 10 of 44

B. Defendants fillings of False Misconducts:

Attached; III, STATEMENT OF CLAIMS, ps.3 of

B. 2. See Grievance Identifier JCF/2022/ 11/2494/28J, Michigan Department of Corrections GRIEVANCE REJECTION LETTER From Grievance Coordinator: Unknown Cobb and Reviewer T. Kisor Subject: Receipt/Rejection/ Denial for Step I Grievance. Statment of them Stating; "Did not appeal to next step, filed new grievan was received in this office on 11/29/2022 and ~~this~~ was rejected due to the following reason" was inaccurate. When Unknown Cobb, the grievance Coordinator and T. Kisor whose now the Cotton (JCF) prison-prisoner transfer Coordinator both Stated; "Grievant failed to file it at the next step of the grievance process, if She/he is not satisfied with the response received or did not receive a response in a timely manner." I state the grievance number was different from Step I grievance number JCF 2211/2494/28J, that listed I Should utilize the grievance number in "rejection Letter response," attached as Exhibit B, Attachment II), with Step two appeal pending attached, returned 12/21/2022, form was received 12/29/2022;

3 See "STEP III GRIEVANCE DECISION" Was Completed Contrary to grievance number JCF/2022/11/ 2494 reason for rejection, attached Exhibits C, Grievance Identifier: JCF-22-10-2181-28E, proofers

_Additional Claims: Sheet 4 of 11_

Attached: I I I STATEMENT OF CLAIMS pg 4 of

this Cotton (JCF) prison rigional operating procedures
was not followed, as step I I I Grievance Decision
Rec #: 139737, cannot be appealed within the
Department, Dec. 06, 2022, Richard D. Russell,
Manager Grievance Section, Office of Legal
Affairs, as Attachment **III**; Abuse his discretion Bol-6~

4. Noah Nagy, warden of current facility,
(JCF), was grieved cause he had prior knowledge
of matters but inaccurately responded in his
official position as respondent's on 11/18/2022,
of grievance # JCF-2022-10-2181-28E, at
the last resort step II grievance process within
Cotton (JCF) prison by rejecting the step II response
"for complaint filed as a non-grievable issue" Nagy,
(JCF) warden stated, step I was rejected for
reason is untrue; I claim the Step I grievance
was rejected for being "Untimely" on 10/20/2022
by ADW T. Kisor, whose now the transfer coordinator
and Defendant from prior filed civil lawsuits.
(See Exhibits C, ps. 6, Attachment **III**) again and
review completely from last instant to its beginning ~ Bol-6~

5. See "JCF LEGAL MAIL LOG" Revised
Date: 11/29/2004, Date Submitted: 10/28/2022,"
I requested on November 22, 2022 and prior times
T. Shubring finally provided to me because I received
United States Court of Appeals postmarked 10/07/2022

Additional Claims: Sheet Of Paper Page 12 of 44

<u>Relitigation In Defendants Personal Capacities:</u>

Attached: III STATEMENT OF CLAIMS, P.5 of Legal Mail outside its October 21, 2022, deadline due for filing a petition for rehearing en banc, Copied with Kite asking Business Manager to give me verification of the date he/she received my Legal Mail gave to me on Oct. 28, 2022, Affidavit with Librarian Ms. N. Woodward as witness of some violations of my Michigan Constitutional rights, and decision from the United States Court Of Appeals for the Sixth Circuit as last resort Court dated November 18, 2022, as Exhibits D, Attachment **IV**), 1 thru 4 pages.

6. Also I allege my Claim as I am a prisoner entitled to ADA protections whose been approved for Michigan Department of Corrections Cotton JCF Legal writer (LW) program as a Client asked to have trained prisoners or library staff help me with Legal materials, meaningful Court filings at times when my psychological Condition deteriates but I was not gave such assistance. In fact, I Claim I've always been approved but when Litigation reached Mediation levels, it was taken away from me Completely which made me file a Complaint of the matters on 8/18/2022, I Communicated to Eric Mattson, Chief Analyst, office of Legislative Corrections Ombudsman of my Concerns involving Legal writer Program, and

Additional Claims: Sheet of Paper      Page 13 of 44

Attached: III STATEMENT OF CLAIMS, P. 6 of
Claim that I were denied access to Legal Writer
Program this year, that I would go through the
grievance process, then later reach out to
Eric Mattson office if my filed grievance did
not resolve the issue. Interestingly, Eric Mattson
the Chief Analyst of the office of Legislative
Corrections Ombudsman is the under sign of
the letter that's also listed as a defendant/witness
in case that was dismissed for my mail being
received late in Case No. 21-2900. I allege
that Eric Mattson letter is misleading because
he in his letter stated "Our office received a letter
and documents from you on 8/30/2022. Within your
letter, you alleged that you never received any responses
to grievances filed. For this Case, I reviewed relevant
documents and communicated to JCF Staff." I state
that Eric Mattson statement's was contrary to my
Claims because the only grievance he list being filed
within the past 6 months of November 2022 as he
stated I quote hereafter:
    Mr. Eric Mattson stated, "In November 2022, I
requested all grievance packets that you submitted within
the past 6 months at JCF. I received the following
grievance packet; JCF-2022-08-1741-28E. This
grievance was rejected as untimely." Fact of this
Claim is, the grievances submitted in this filed action

Additional Claims: Sheet of 2 pages. Page 14 of 44

Attached: III STATEMENT OF CLAIMS, page 7 is contrary to Office of Legislative Corrections Ombudsman Eric Mattson findings when now reviewed when he stated further after he found no policy violation with grievance rejection by further stating; I did not find any policy violations pertaining to you and the grievance process within the past 6 months (Starting from November 2022)." I state, it could be seen now that whoever supplied Eric Mattson with copies of grievances filed within the last 6 months has not supplied him with all grievances concerning violations being done by employees of Cotton (JCF) prison employees warden T. Kisor, and warden Nagy, et al, the (JCF) business Manager T. Shubring and Mailroom staff members unknown Jane Does and John Doe's, GOA; see (Exhibits E, Re: Complaint submitted to the Ombudsman, December 12, 2022, Eric Mattson Chief Analyst, office of legislative, letter, P.L 95 Attachment 5), with Client Legal Writer (LW) Program receipt of 12/2/2022, I received a Legal Writer due to complaint that don't resolve my issue cause I received a legal writer late after my case already had been closed. Total 2, pages.

The MDOC Cotton (JCF) employees when wrongdoings be done to their prisoners are wiping each other hands clean.

<u>Additional Statement for Relief:</u>

<u>ALLEGATIONS OF ERRORS:</u>

Attached: <u>I.V. RELIEF</u>        Page 1 of

2. Defendant T. Shubring's failure to take action to curb the deduction of exempted income tax refunded payments from Internal Revenue Service violated Mr. Frazier, Sr., whose a prisoner pro se; Plaintiff rights under the Congress passed Coronavirus Aid, Relief, and Economic Security Act ("CARES Act" "Act"), for years between 2018 thru 2022, "EIP" exempted received payments from IRS, Austin, TX 73301-0003. of the United States which Constituted a Michigan Constitutional Violation and Constituted an financial loss under state law.

3. Defendant Scott Bailey's actions in conducting Plaintiff Mr. Frazier, Sr., disciplinary hearing, and Hemry's actions in investigating it when having a known conflict by being involved in writing the misconduct report to substain guilty findings that was dismissed violated Mr. Frazier, Sr., due process of rights under the First, Sixth, Eight, Fourteenth Amendments to the United States Constitution and Title II agreed to treaties.

4. Defendant Noah Nagy, in conducting the actions of Plaintiff behavior is discrimination of a prisoner disability entitled to ADA protections in concert with all defendants named in this action because

Additional Statement for Relief:

Attached: IV. RELIEF                    Page 2 of

his having prior knowledge which is evidenced by the submitted grievance responded to by Nagly, ~~████~~ T. Shubring Continued to violated, and Continue to violate Plaintiff rights under Title II ADA, Eight Amendment to the United States Constitution.

B. Issue an injunction ordering defendants T. Shubring, Noah Nagly, T. Kisor, Cobbs, White, Belton, Smiley, Ryan Davidson, Russel, Ulch, Mattson, Woodward, Elum, Walker, Breedon, Pull, Blair, Jane Does and John Does to as stated hereafter:

1. Shubring the JCF Business manager to immediately arrange for the plaintiff be returned exempted income tax refunds with intrests, and besides the partially under $200. dollar already;

2. Immediately arrange for the plaintiff's attorney needs for counsel or other counsels be evaluated obtion for him since withholding of exempted tax returned funds caused him not to be able to tender counsel J. Lamar fees who had expertise in the Michigan licensed Attorney's as a attorney bar number member, and restoration of dismissed lawsuits since counsel Ms. Lamars last visited plaintiff;

_Additional Statement for Relief:_

Attached: IV. RELIEF

3. Carry out without delay an order directed by the head warden Noah Nagy, Eric Mattson ombudsman to Cotton JCF subordinates to refrain from any kinds of retaliations.

C. Issue an injunction ordering defendant Eric Mattson to "Show Cause" of why:

    1. He should not be held responsible for failure to provide protection put in place measure involving issues of CoA Case No. 21-2900, with restoration of all rights and privileges involved in original Case No. 2:17-CV-0008, before it CoA;

    2. Expunge the plaintiff prior punitive segregation level five file, and statistical Risk variables score from high to middle score which is the lowest plaintiffs institutional record could be as he deserves.

D. Award Compensatory damages in the following amounts:

    1. In excess of $100,000.00 jointly and severally against T. Shubring, Scott Bailey, C. Henry, J. Savicke, T. Kisor, E. Mattson, M. Washington, K. Napier, Ryan Davidson, Department of Justice, Pool, Cobbs, White, Belton, Smiley, Harper, Walker, Ekim, Robert Pully, Breedon, Blair, Jane Does and John Does

Additional Claims: Sheet of Paper          Page 18 of 44

Attached: ███ IV. RELIEF          Page 4 of

for the prior at URF prison entity of Michigan
Department of Corrections employees having prior
knowledge to the physical attack incident on him
informing them that an attack was going to happen"
and all emotional mental injuries plaintiff has truly
sustained as a result of his injuries and
discrimination experienced thereafter at (JCF),
coupled with due process violations.

   2. In excess of $10,000 jointly and
severally against defendants Department of
Justice and Gilbert Poole who was my assigned
legal writer who walked out the front door of
G. Robert Cotton Correctional Facility in Jackson
on May 27, 2021, who filed the lawsuit against
URF prison, but was coach into inaccurately
litigating the case No. 2:17-cv-00089, by Ms. Elum
whose (JCF) head librarian who often over worked
Mr. Poole when he was a prison-prisoners legal
writer or "Show CAUSE" in jury trial.

   3. $50,000. jointly and severally please award
plaintiff against defendant's Dr. Mensa employee
of URF in 2014, Mark Herbert, Mr. Mageshik, and
all on account of Eric Mattson, office of Legislative
Ombudsman Corrections. for their failure to provide
adequate protections, mental and emotional care to plaintiff,
and whatever this Court deems fit in excess.

_Additional Claims:_ Sheet of paper  Page 19 of 44

Attached: I.V. RELIEF        Page 5 of 5

E. Award punitive damages in the following amounts so as to stem the future tide of malfeasance:

1. In excess of $20,000 each against defendants Inspector Scott Bailey, Eric Mattson, Elum, H, T. Shubring, T. Kisor, and Belton. Cobbs.

2. In excess of $10,000 each against defendant's Noah Nagy and Richard Russell.

3. In excess of $20,000 each against defendant's Savicke, Jeremy in his personal Capacity, and Noah Nagy, C. Henry, T. Kisor in both their officials and personal Capacities, for errors.

WHEREFORE, I Pro se Prisoner Alvin Dwayne Frazier, Sr. ask that this Court grant any other such relief as the Court deems just and proper fairly. $300.000 is the original amount ever asked for.

Date: January 31, 2022 /S/ Alvin D. Frazier Sr, #379628
Alvin D. Frazier, Sr, #379628
G. Robert Cotton Corr. Fac., (JCF)
3510 N. Elm Road
Jackson, MI 49201

5

# APPENDIXS - Attachments

Attached: Exhibits A thru E

Exhibit A: Appendix: Attachment i: Proofers Exhaustion of
Required (P.L.R.A) At Cotton (JCF) Prison
Entity, Is Unavailable; Exhibit A, ps. 1-4;

Exhibit B: Appendix: Attachment ii: Prisoner Alvin Graziers pris:#379629
Request for grievance Identification JCF-
22110 24 94-28J; Exhibit B; verification
Why His Legal Mail was Received Late; And Defendent
Response-Highlighteds; ps, 1 thru 3;

Exhibit C: Appendix: Attachment iii: Cotton (JCF) prison Regional
Operational Procedures was not followed,
as Step III Grievance Decision Rec#.139732
Cannot be Appeald within the MDoC. Departments; 1st;

Exhibit D: Appendix: Attachment iv: Opinions and Orders of November
18, 2022; ps, 1 thru 4;

Exhibit E: Appendix: Attachment v: Re: Complaint submitted to the
Ombeadsman, December 12, 2022 Eric Mattson,
Cheif Analyst office of Legislative letter Response
P. 1 of 2, with Client Legal writer approve receipt
whose over worked and have to many prisoner Clients of his peers;
Ps: 1 thru 2   1

# EXHIBIT A.

Appendix: Attachment i.:

Pro Ofers Exhaustion of MDOC Required (PLRA) At Cotton (JCF) Prison Entity, IS unavailable; PS. 1 thru 4;

TO: Grievance Coordinator & Warden N. Nagy, Cotton JCF

From: Alvin D. Frazier, Sr.

P. 3 of 25

Prison number 379628

Lock-TA-6

Dec. 21, 2022

Dear Sir,

Hello, I am the person Communicating to you this information due to our last run in in the 3:00 School building. To refresh your memory I informed you that my grievance request for a step III form I received had a typo, misinformation, and a date deadline by 12/13/2022 that was impossible to complete grievance response to Grievance #: JCF/22/1/2494/28J by. Fact is, I sent my request for form on 12/15/2022, and received my form on 12/16/2022, with a deadline date of 12/13/2022, which I told you it was impossible for me to go back in time. See attachments.

WHEREFORE, I prisoner- Alvin D. Frazier-Sr, ask that you make time in your schedule to meet with me to save the Courts Costs, State dollars, and get the financial burden off me caused by prior similar acts.

Date: December 21, 2022

Sincerely,

/S/ Alvin D. Frazier, Sr.

Cotton (JCF) Prisoner; pro per

Enclosure: Step III Grievance; Completed

To: Business Manager/ Cotton (JCF)

From: Alvin Frazier
Prison number 379628
Lock-TA-6

December 18, 2022

Greetings:

1. T. Shubring, Sir I am writing you to inform you that my last grievance step two request was not done properly and that its your responsibility to make sure its done properly by **subordinates** of Cotton (JCF).

2. The grievance identifier JCF 2211-2494-28 J, that I requested on 12/18/2022 but the "GC" gave me a deadline date to send in my appeal by 12/13/2022 was not accurate done! I can't go back in time.

3. Fact is, the step two form documented the wrong grievance identifier number as JCF-2211-2994-28J which is misleading documentations.

Wherefore, I ask will you correct this problem? Will you have new form sent?

Thanks in advance.

p. 5 of 25

TO: Grievance Coordinator / for JCF

From: Alvin Frazier

Prison # 379628

Lock - TA-6

4835-4248  5/09
CSJ-247B

F 2 4 1 1 2 4 9 4 2 8 J

Greetings:
I disagree with Step one response
for Grievance Identifier JCF/2211/2494/28J,
and with that said will you send me Step
two grievance form?

...VANCE.
...nrod copy if you have not been provided
...y of this form if you appeal it at both Step

...l should be directed to: _____
...s date, it will be considered terminated.

...end your Step III Appeal to the Director's

| k Number | Date of Incident | Today's Date |
|---|---|---|
| | | |

December 15, 2022   /S/ Alvin D. Frazier

| Date Received by Step II Respondent: |
|---|
| |

| Date Returned to Grievant: |
|---|
| |

STEP III — Reason for Appeal

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248  5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: |J|G|A|2|4|1|1| |2|4|9|4| |2|8|J|

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____GC_____ by _12/13/22_ . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| | | | | | |

**STEP II — Reason for Appeal**

**STEP II — Response**

| | Date Received by Step II Respondent: |
|---|---|

| Respondent's Name (Print) | Respondent's Signature | Date | Date Returned to Grievant: |
|---|---|---|---|

**STEP III — Reason for Appeal**

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

# EXHIBIT B.

Appendix:

ii Prisoner Aludin Frazier, Prison#379622,
Request for Grievance Identification JCF/221/24194/
28 J, Exhibit B, verification why His Legal Mail
was Received Late, And Defendants Response
Highlighted (ii); P.S. 1 thru 3;

Michigan Department of Corrections
GRIEVANCE REJECTION LETTER

**DATE:**     **11/29/2022**

TO:       FRAZIER       **379628**              **LOCATION:**   **JCF**     **TA-6**

FROM:     Grievance Coordinator:  Cobb

SUBJECT:   Receipt/Rejection/Denial for Step 1 Grievance

Your Step 1 grievance regarding      Did not appeal **to the next step, filed new grievan**
was received in this office on   11/29/2022     and **was rejected due to the following reason:**
Grievant failed to file it at the next step of **the grievance process, if she/he is not satisfied with the**
**response received or did not receive a response in a timely manner.**

Any future references to this grievance should utilize this identifier:

JCF       /   2022 /   11 / **2494**   / **28J**

_____          _____
Respondent                    Date       Reviewer                    Date

STEP 1 / 2 GRIEVANCE

MICHIGAN DEPARTMENT OF CORRECTIONS GRIEVANCE

**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

NOV 2 9 2022

Date Received at Step I __11-29-22__   Grievance Identifier: J C F 2 2 1 1 1 2 4 9 4 2 8 J

~~OFFICE ON~~

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Alvin Frazier | 379628 | JCF | TA-6 | 11-21-22 | 11-22-22 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __11-3-2022__
If none, explain why. I wrote a grievance originally on 11-17-2022, only after trying to resolve my issue with T. Shubring (JCF) prison business manager on 10-15-2022, to no resolve so I filed step two on 11-3-2022.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

First my grievance was deemed untimely at 2nd step a non-grievable issue by warden Noah Nagy, and Resolve my problem is that Cotton (JCF) prison Head Warden Noah Nagy, ADW MS. T. Kisor, and T. Cobb the Cotton (JCF) prison prior grievances coordinator are clearly in concert engaging in practices and customs to deprive me of my Constitutional First Amendment rights. Warden Noah Nagy is obviously acting with reckless disregards for the truth perpetrating a fraud racketeering of policy Directive PD. 05.03.118 Operating procedure OP. 05.03.118 and PD 03.02.130, OP. 03.02.130 through concerted efforts to avoid the obvious. Thus, by stating I grieved non-grievable issue when 1st step was deem untimely.

_Alvin L. Frazier_
Grievant's Signature

---

RESPONSE (Grievant Interviewed?   ☐ Yes   ☒ No      If No, give explanation. If resolved, explain resolution.)

STEP 1 / 2 GRIEVANCE
RECEIVED IN GRIEVANCE

NOV 3 0 2022

OFFICE ON

| Respondent's Signature | Date 11-29-22 | Reviewer's Signature | Date 11/29/22 |
|---|---|---|---|
| Respondent's Name (Print) T. Cobb | Working Title GC | Reviewer's Name (Print) T. Kisor | Working Title ADW |

| Date Returned to Grievant: 11-30-22 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator        Grievance Identifier: | | | | | | | | | | | | | |
at Step II: _____

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by _____. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| | | | | | |

**STEP II — Reason for Appeal**

**STEP II — Response**

Date Received by
Step II Respondent:

_____     _____     _____
Respondent's Name (Print)        Respondent's Signature           Date

Date Returned to
Grievant:

**STEP III — Reason for Appeal**

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

# EXHIBIT C.

Appendix iiii:

Cotton (JCF) prison Regional
Operational Procedures was not followed,
as Step III Grievance Decision
Rec#: 139737, cannot be Appealed
within the MDOC and Ombudsman
Department) December 06, 2022 of Richard
Russell; Appendix Attached iiii; PS. 1 thru 6;

T-A06
P. 31 of 44
P. 12 of 25



# STATE OF MICHIGAN
GRETCHEN WHITMER
GOVERNOR

## DEPARTMENT OF CORRECTION
### LANSING

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:    139737

28E

| | |
|---|---|
| **To Prisoner:** | Frazier               #: 379628 |
| **Current Facility:** | JCF |
| **Grievance Identifier:** | JCF-22-10-2181-28E |
| **Step III Received:** | 11/28/2022 |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

## THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.          DEC 06 2022

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:   JCF
    Warden,  Grieved Facility:

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator at Step II: 11/07/22

Grievance Identifier: [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ] [ ]

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by _____. If it is not submitted by this date, It will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Alvin Frazier | 379628 | JCF | TA-6 | 10-■-22 | 11 3■22 |

**STEP II — Reason for Appeal** I talked to the Cotton (JCF) Business Manager Mr. T. Schubring about my loss money whose over the mail room department for Cotton (JCF) run Uchy PC. Time, the "JCF" Libraries, Librarians employed for "JCF" Ms. Elvin Hutata, which all played their parts in concert with denying me access to courts causing me loss of my case court closed or some tried to help me but did not resolve.

**STEP II — Response**

See, Attached

Date Received by Step II Respondent: 11/10/2022

_Non Pric_                    _[signature]_          11/1/__          Date Returned to Grievant: 11 9 11
Respondent's Name (Print)    Respondent's Signature    Date

**STEP III — Reason for Appeal** I have a First Amendment right to File grievance, with an exception staff at Cotton (JCF) will not thwart that right by inventing bogus reasons for a baseless rejection. Cf, Brown v. Gott, 2022, U.S. App. LEXIS 17393 (CA6, 2022). In my case I raised a single issue which is so obvious that even Ray Charles and Stevie Wonder who are both blind when heard could see it. yet (JCF) employees Mr. Belton, T. Cobb, Tiffany Kisor, A.Dw., and the Warden of JCF prison act with reckless disregard and fraud (See Attached)

**NOTE:** Only a copy of this appeal and the response will be returned to you. four copies pages Attached

**STEP III — Director's Response** is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

...have... 1st Amendment **right** to file grievance, with an expectation staff will not thwart that right by inventing bogus reasons for a baseless rejection. Cf ..., Brown v Bott, 2022 U.S. App. LEXIS 17393 (CA 6, 2022). In my case, I raised a "single issue" which is so obvious that even Stevie Wonder, who is **blind, could see it.** Yet, Cobbs, and White are acting with reckless disregard for the truth, perpetrating a fraud, and engaging in a practice and custom to deprive me of my civil rights; racketeering activity by claiming I am raising multiple issues. Clearly, this is a concerted effort to avoid the the obvious. Thus, process my grievance, as their finding is belied by the record. Fact is,

Warden Noah Nagy, T. Kison, (JCF)prison A.D.W are all acting in concert Covering for T. Cobbs or Co/Mr. Belton who Shared my prior grievances with other prisoners.

"Please Resolve"

## G. Robert Cotton Correctional Facility

### *Step II Grievance Response*

**Grievant:** Frazier # 379628

**Grievance #:**  JCF-2022-10-2181-28E

---

**I have reviewed the Step I grievance, Step I response along with the associated Step II reason for appeal.** The Step I grievance was rejected for the complaint being filed as a non-grievable issue.   You file at step II.

**Grievance Rejected**
PD 03.02.130 "Prisoner/Parolee Grievances" defines what is grievable and non-grievable. The grievance is filed in an untimely manner.   The grievance shall not be rejected if there is a valid reason for the delay; e.g. transfer.

The step I rejection has been reviewed by the Warden's office in accordance with P.D. 03.02.130 "Prisoner/Parolee Grievances" and the **REJECTION IS UPHELD AT STEP II**

**Noah Nagy, Warden**                                                                    11/18/2022
**Respondent's Name/Position**        **Respondent's Signature**        **Date**

35 of 44
P 1160f 25

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I __10-20-22__    Grievance Identifier: __JCF 2 2 1 0 1 2 1 8 1 2 8 E__

| Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library. |
|---|

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| ALVIN Frazier | 379628 | JCF | TA-6 | 10-15-22 | 10-17-22 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __10-17-2022__
If none, explain why. I talked to my unit officers, RUM Ulch et al in the TA-unit assigned PC, Ms. Trine, towards trying to have them help me resolve the lack of library assistance.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. Only problem is money loss, Case done. My problem is I been-being denied access to the courts, law library materials, paper, carbon paper, legal envelopes to send mail to courts while approved for indigent status to meet court deadlines, and legal assistance from a trained paralegal or staff member at times when my mental health condition had deteriated while being confined as if segregated due to other people in unit tested positive for Covid-19 when I have not. The Librarian Ms. Elum Hitata, denied me materials and legal copies required. _Alvin D. Frazier Jr._

Grievant's Signature

---

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No    If No, give explanation. If resolved, explain resolution.)

OCT 21
OFFICE

---

| Respondent's Signature | 10-20-22 Date | Reviewer's Signature | 10/21/22 Date |
|---|---|---|---|
| T. Cobb | | T. Kiso | |
| Respondent's Name (Print) | GC Working Title | Reviewer's Name (Print) | ADW Working Title |

| Date Returned to Grievant: 10/21/22 | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

**DATE:** 10/20/2022

**TO:** FRAZIER 379628

**LOCATION:** JCF TA-6

**FROM:** Grievance Coordinator: Cobb

**SUBJECT:** Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding **untimely**
was received in this office on **10/20/2022** and was rejected due to the following reason:
The Step I Grievance Office staff have carefully examined the content of your Step I grievance. This examination reveals that you have exceeded your time limits in filing a grievance on issue(s) that concern you, and at the same time provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion. This office is returing you grievance to you without investigation for these reasons. If you have further questions consult OP 03.02.130, which is available in the institutional library.
Any future references to this grievance should utilize this identifier:

JCF / 2022 / 10 / 2181 / 28E

_____ 10.20.22    _____ 10-21-22

Respondent        Date    Reviewer        Date

                                        12/10/2022

P. 37 of 44
P. 18 of 25

# EXHIBIT D:

Appendix:
iv  Opinions and orders of November
18, 2022 (W); PS. 1 thru 4.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: November 18, 2022

Alvin Dwayne Frazier
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Re:  Case No. 21-2900, *Alvin Frazier v. Jeffrey Woods, et al*
Originating Case No.: 2:17-cv-00089

Dear Mr. Frazier,

The enclosed petition for rehearing en banc is being returned to you unfiled.

A petition for rehearing was due by October 21, 2022. The mandate issued on October 31, 2022.

This case is closed.

Sincerely yours,

s/Beverly L. Harris
En Banc Coordinator
Direct Dial No. 513-564-7077

cc: Mr. Zachary Austin Zurek

P, 39 of 44

P, 20 of 25

To: Business Manager

From: Alvin Frazier

Prison # 379628

Lock—4 A—6

November 22/2022

Will you give me verification of the date you received my Legal mail on Oct. 28, 2022, from Saginaw County and the U.S. Sixth Circuit Court of Appeals.

THE 2 ITEMS SERVED TO YOU ON 10/28/2022 WERE RECEIVED AT THIS FACILITY ON 10/28/2022. "DATE REC." COLUMN ON LEGAL MAIL LOG = THE DATE RECEIVED AT JCF.

| Number | NAME | Date Rec. | Document | Signature | Date Served | Served By |
|---|---|---|---|---|---|---|
| 379628 | FRAZIER | 10/28/2022 | UNITED STATES COURT OF APP | | 10-28-22 | |
| 379628 | FRAZIER | 10/28/2022 | COUNTY OF SAGINAW CLERK | | 10-28-22 | |

JCF LEGAL MAIL LOG

Date Submitted: 10/28/2022

Revised Date:

11/29/2004

11/29/2004

Revised Date: _____

## JCF LEGAL MAIL LOG

Date Submitted: 10/28/2022

| Number | NAME | Date Rec. | Document | Signature | Date Served | Served By |
|--------|------|-----------|----------|-----------|-------------|-----------|
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | 379628 | FRAZIER | 10/28/2022 | UNITED STATES COURT OF APP | | |
| 5 | 379628 | FRAZIER | 10/28/2022 | COUNTY OF SAGINAW CLERK | 10-28-22 | |
| 6 | | | | | | |
| 7 | | | | | | |
| 8 | | | | | | |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |

Alvin Dwayne Frazier #379628
3510 N. Elm Road
Jackson Michigan 49201

## AFFIDAVIT OF Alvin Dwayne Frazier, the First, Pro se Prisoner inmate number 379628.

I Alvin D. Frazier, the First, inmate number 379628, Swear under penalty of perjury that the following is true under (28 U.S.C. 1746). I declare as stated hereafter.

1. That the Cotton (JCF) Library has a program for pro se prisoners as my self who qualify for a prisoner trained Legal writer assistant or an Cotton (JCF) prison employee to help with filing meaningful papers to Court as Courts orders. Fact is Caused missing my deadlines.

2. That the Librarian Ms. N. Woodward, et aly, knows I have been approved for legal assistance but the facility has not had a legal writer or staff employee to help me file meaningful papers to Courts.

3. That Ms. N. Woodward is the Cotton (JCF) prison Librarian and has witnessed the Library at Cotton (JCF) prison due to Covid-19, became unavailable in whole not for me as a prisoner Use to gained materials, papers, legal assistant's to file papers as Court ordered.

NOTARY: /S/ N. Woodward   Prisoner /S/ Alvin Dwayne Frazier I.
Subscribed and Sworn to before me a Notary Public, State of MI
On this 27th day of November 2022.   Washtenaw Co. Acting
Executed: 11/27/2022                  in Jackson Co. My
                                      commission expires 8/25/26.

# EXHIBIT E.

Appendix: V. Attachment.

Re: Complaint submitted to the ombudsman, December 12, 2022, Eric Mattson Cheif Analyst, office of Legislative letter, P. 1 of 2, as Attachment V, Appendix, with Client Legal writer (LW) approve receipt but the legal writer is overloaded - overworked, and unequipted to help me. Attached Appendix V 1 thru 2 pages.

*Page 1of2*
*P. 43 of 44*
*24 of 25*



**Office of Legislative**
**Corrections Ombudsman**

**Keith Barber**
**Ombudsman**

*Boji Tower – 4th Floor*
*124 West Allegan*
*P.O. Box 30036*
*Lansing, MI  48909*
*(Office) 517-373-8573*
*(Fax) (517)373-5550*

December 12, 2022

Alvin Frazier
#379628
JCF
3500 N. Elm Rd.
Jackson, MI 49201

Re: Complaint submitted to the Ombudsman

Dear Mr. Frazier:

On 8/18/2022, I communicated to you via telephone. During our interview, you discussed concerns involving the Legal Writer Program. You claimed that you had access to this program since 2008 due to your PTSD diagnosis. However, you claimed you were denied access to this program this year. We discussed that you would go through the grievance process and you would later reach out to our office if the grievance did not resolve the issue. Our office received a letter and documents from you on 8/30/2022. Within your letter, you alleged that you never received any responses to grievances filed. For this case, I reviewed relevant documents and communicated to JCF staff.

In November 2022, I requested all grievance packets that you submitted within the past 6 months at JCF. I received the following grievance packet: JCF-2022-08-1741-28E. This grievance was rejected as untimely. Per PD 03.02.130, Prisoner/Parolee Grievances, prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff. You wrote that you first attempted to resolve the issue on 8/15/2022 (through 8/21/2022) and it was first received by JCF at Step I on 8/25/2022. After my review, I found no policy violation with this grievance rejection.

I did not find any policy violations pertaining to you and the grievance process within the past 6 months (starting from November 2022). If you wish to access the Legal Writer Program, please communicate your request to the staff member designated by the Warden to provide oversight and supervision of program at JCF. If you do this but you are denied access and you disagree with their reasoning, it is recommended that you file a grievance on the issue. Please review PD 03.02.130, Prisoner/Parolee Grievances and PD 05.03.116, Prisoners' Access to the Courts, for more information on this process, if you wish.

I wish you the best.

Sincerely,

Eric Mattson
Chief Analyst

*P. 2 of 2*

*P. 44 of 44*

*P. 25 of 25*

# MICHIGAN DEPARTMENT OF CORRECTIONS
## JCF LEGAL WRITER (LW) PROGRAM
## CLIENT LEGAL MATERIALS RECEIPT

**NOTE TO STAFF:** Please return this signed receipt to the law library after the documents have been delivered. Thank you.

NAME : _Alvin Frazier_        NUMBER: _379628_        LOCK: _TA-6_

### LIST OF DOCUMENTS BEING PROVIDED TO LW PROGRAM BY LW CLIENT:

1. _65 pages documents related to 6th Circuit denial_
2. _Copy Legal Mail Log_
3. _____
4. _____
5. _____

Signature of Client _Alvin D. Frazier_       Date Provided to LW Program _12/2/22_       Date Returned to LW Client

_Larry Smile_
Signature of Legal Writer          Date Received by LW Program          Date Returned to LW Client

Signature of Staff Returning Documents          Date Witnessed          Date Witnessed

Date Sent for Return By Legal Writer

*Attached Lawsuits Filed History:*

*Pages 1 thru 8*

*Cover Page*

No *Shepard's* Signal™
As of: January 11, 2023 1:27 AM Z

### *Frazier v. Dep't of Corr.*

Court of Appeals of Michigan

January 6, 2023, Decided

Docket No. 364094

**Reporter**

2023 Mich. App. LEXIS 151 *

Alvin Dwayne Frazier Sr v Department of Corrections

**Prior History:** [*1] LC No. 22-000178-AA.

## Core Terms

paying, filing fee, pleadings, outstanding balance, original action, civil appeal, refile, remits

**Counsel:** For DEPARTMENT OF CORRECTIONS, Defendant - Appellee: ALICIA M LANE.

**Judges:** Michael F. Gadola, Chief Judge Pro Tem.

**Opinion by:** Michael F. Gadola

## Opinion

**ORDER**

Michael F. Gadola, Chief Judge Pro Tem, acting under *MCR 7.211(E)(2)*, orders:

The motion to waive fees is DENIED because *MCL 600.2963* mandates that a prisoner pursuing a civil action be liable for the filing fees. Appellant is not required to pay an initial partial fee. However, for this appeal to be filed, **appellant shall submit a copy of this order and refile the pleadings within 21 days after the date of this order**. By doing this, appellant becomes responsible for paying the $375 filing fee and generally may not file another new civil appeal or original action in this Court until such time that either the Department of Corrections remits or appellant pays the entire outstanding balance due. *MCL 600.2963(8)*. Failure to comply with this order shall result in the appeal not being filed in this Court and appellant not being responsible for paying the filing fee.

If appellant timely refiles the pleadings, monthly payments shall be made to the Department of Corrections in an amount of 50 percent of the deposits made to appellant's account until the payments equal the balance due of [*2] **$375**. This amount shall then be remitted to this Court. Again, appellant generally may not file either a new civil appeal or an original action until appellant pays the entire outstanding balance due. *MCL 600.2963(8)*.

The Clerk of this Court shall furnish two copies of this order to appellant and return appellant's pleadings with this order.

/s/ Michael F. Gadola

---

**End of Document**

1

 Positive
As of: December 7, 2022 8:45 PM Z

## *Frazier v. Nagy*

United States District Court for the Eastern District of Michigan, Southern Division

July 27, 2022, Decided; July 27, 2022, Filed

Case No. 2:21-cv-11149

**Reporter**
2022 U.S. Dist. LEXIS 178697 *; 2022 WL 6589001

ALVIN D. FRAZIER, Plaintiff, v. NOAH NAGY, SCOTT BAILEY, JEREMY J. SAVICKE, CHRISTINE MCCUMBER-HEMRY, JANE DOES, and JOHN DOES, et al., Defendants.

**Subsequent History:** Adopted by, Summary judgment granted by, Judgment entered by, Dismissed by, Without prejudice *Frazier v. Nagy, 2022 U.S. Dist. LEXIS 177522 ( E.D. Mich., Sept. 29, 2022)*

**Prior History:** *Frazier v. Nagy, 2021 U.S. Dist. LEXIS 140897 ( E.D. Mich., July 28, 2021)*

## Core Terms

grievances, exhaust, lawsuit, summary judgment motion, administrative remedy, summary judgment, retaliation, unavailable, grievance process, nonmoving party, consolidate, conditions, contends

**Counsel:** [*1] Alvin D. Frazier, Plaintiff, Pro se, JACKSON, MI.

**Judges:** Anthony P. Patti, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** Anthony P. Patti

## Opinion

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF Nos. 14, 28)

**I. RECOMMENDATION:** The Court should **GRANT** Defendants' motions for summary judgment on the basis of exhaustion (ECF Nos. 14, 28) and dismiss Plaintiff's claims without prejudice.

**II. REPORT:**

**A. Prior Lawsuits**

Alvin D. Frazier, who proceeds in this matter *in forma pauperis* (ECF No. 5), is currently incarcerated at the G. Robert Cotton Correctional Facility (JCF), where he is serving a sentence imposed in Case No. 07-029462-FC-1 (Saginaw County). *See* https://mdocweb.state.mi.us/otis2/otis2.html (last visited July 21, 2022).

Aside from the instant case, Frazier has filed multiple lawsuits in this District and has sought consolidation in multiple cases:

  • *Frazier v. Bell* (Case No. 2:11-cv-10893-DPH-CEB), a habeas corpus case, in which judgment was entered on October 31, 2013, after which the Sixth Circuit denied Frazier's attempts to file a second or successive petition. *See* Case No. 20-1320 (6th Cir. Oct. 15, 2020), Case No. 20-2238 (6th Cir. May 10, 2021).

  • *Frazier [*2] v. Colthfelt, et al.* (Case No. 2:19-cv-10389-DML-PTM), in which a mediation conference took place in January 2020, Judge Lawson denied Frazier's motion to consolidate in November 2021, and judgment was entered in January 2022

  • *Frazier v. Linsley, et al.* (Case No. 2:19-cv-10844-GAD-APP), in which judgment was entered on April 11, 2019

  • *Frazier v. Linsley, et al.* (Case No. 2:19-cv-11248-GAD-APP), in which judgment was entered on August 29, 2019

  • *Frazier v. Kisor, et al.* (Case No. 2:19-cv-12419-DML-PTM), which was dismissed on August 5,

2

2021

• *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG), in which a mediation conference took place by video in April 2021, Frazier's motion to consolidate was denied on January 20, 2022, and judgment was entered on February 24, 2022

• *Frazier v. Borchard, et al.* (Case No. 2:21-cv-11119-DML-KGA), in which judgment was entered on July 20, 2021 but there are November 2021 notices of filing motions to consolidate

Frazier also has filed a lawsuit in the Western District of Michigan, in which: (1) judgment was entered in favor of the defendants on March 25, 2020; (2) the motion for reconsideration was denied on August 6, 2021; (3) Plaintiff's appeal **[*3]** is pending (Case No. 21-2900 (6th Cir.)); and, (4) Magistrate Judge Vermaat rejected a motion for consolidation on November 12, 2021. *Frazier v. Woods, et al.* (Case 2:17-cv-00089-JTN-MV) (W.D. Mich.).

## B. Instant Case

On April 27 or 28, 2021, while incarcerated at JCF, Frazier initiated the instant action against four named Defendants, each listed in the complaint's caption: (1) JCF Warden Noah Nagy; (2) "Dept. Warden U[n]known Bailey" whose subsequent appearance of counsel further identifies him as Scott Bailey; (3) "Unknown Mr. Savicke," whose subsequent appearance of counsel further identifies him as Jeremy J. Savicke; and, (4) "Ms. Unknown Hemry," whose subsequent filings further identify her as Grievance Coordinator Christine McCumber-Hemry. (ECF No. 1, PageID.1; ECF No. 12; ECF No. 14, PageID.115; ECF No. 26.) Plaintiff's lawsuit is based on the alleged events of April 2021. (ECF No. 1, PageID.1-17.)[1]

Defendants Nagy, Bailey, Savicke, and McCumber-Hemry have appeared via counsel. (ECF Nos. 12, 26.)

## C. Instant Motion

Judge Hood referred this case to me for all pretrial matters on October 18, 2021. (ECF No. 16.) Currently before the Court are: (1) Defendants Nagy and McCumber-Hemry's **[*4]** October 4, 2021 motion for summary judgment on the basis of exhaustion (ECF No. 14), as to which Plaintiff filed a response dated November 22, 2021 (ECF No. 23, PageID.213), and Defendants Nagy and McCumber-Hemry's December 14, 2021 reply (ECF No. 25); and, (2) Defendants Bailey and Savicke's December 15, 2021 filed a motion for summary judgment on the basis of exhaustion (ECF No. 28), as to which Plaintiff filed a response on February 23, 2022 (ECF No. 33),[2] and Defendants Bailey and Savicke's March 17, 2022 reply, in which they state that, "Frazier's so-called response does not address any of the arguments raised in their summary judgment motion, but complains about his current conditions of confinement—i.e., issues entirely unrelated to the claims asserted in his complaint." (ECF No. 34, PageID.303-304.)

## D. Standard

Under *Federal Rule of Civil Procedure 56*, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(a)*. A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the **[*5]** light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co., 95 F. App'x 132, 135 (6th Cir. 2004)* (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp., 651 F.3d 482, 486 (6th Cir.*

---

[1] The caption also includes John and Jane Does (ECF No. 1, PageID.1), and the body of Plaintiff's complaint makes references to an "unknown Damon" and an "unknown Lovelace" and an "unknown Austin" (ECF No. 1, PageID.11-14). However, "[t]he title of the complaint must name all the parties[.]" *Fed. R. Civ. P. 10(a)* ("Caption; Names of Parties."). Therefore, this report proceeds on the only four defendants who are named in this suit.

[2] To the extent Plaintiff's February 23, 2022 response requests the appointment of counsel, personal bond, or release on home confinement so he can "adequately litigate [his] causes in court[,]" (ECF No. 33, PageID.299), the Court recently denied without prejudice Plaintiff's motion for appointment of counsel (see ECF Nos. 31, 35). Moreover, in this civil matter, the Court is not in a position to remove Plaintiff from confinement imposed in a criminal case.

2011) (internal quotations omitted); cf. *Fed. R. Civ. P. 56 (e)(2)* (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001)* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986))*. The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009)*; *see also Metro. Gov't of Nashville & Davidson Cnty., 432 F. App'x 435, 441 (6th Cir. 2011)* ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co., 43 F.3d 244, 254 (6th Cir. 1994)*. In other words, summary judgment is appropriate when "a motion for summary **[*6]** judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of his case. . . ." *Stansberry, 651 F.3d at 486* (citing *Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986))*.

The fact that Plaintiff is *pro se* does not lessen his obligations under *Rule 56*. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr., 201 F. App'x 338, 344 (6th Cir. 2006)*. In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema N.A., 534 U.S. 506, 512-13, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)]* and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees, 407 F.3d 784, 788 (6th Cir. 2005)* (quoting *Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004))*. The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc., 375 F. App'x 482, 485*

*(6th Cir. 2010)*; *see also United States v. Brown, 7 F. App'x 353, 354 (6th Cir. 2001)* (affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

**E. Discussion**

**1. Factual allegations**

The matters underlying this lawsuit occurred from mid-April 2021 to late-April 2021. Plaintiff claims that on or about April 13, 2021, he was talking with assigned mediator Paul Monicatti regarding *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG), **[*7]** and "some (JCF) employed defendants listen[ed] [i]n by the door." (ECF No. 1, PageID.1 ¶ 1.) Plaintiff claims Savicke and McCumber-Hemry listened to the confidential conversation. (*Id.*, PageID.5 ¶¶ 6-7.)

On or about April 14, 2021, Plaintiff experienced threats, and Plaintiff planned "to bring to light confidential information to (JCF) Warden Noah Nagy . . . ." (*Id.*, PageID.2-4 ¶¶ 4-5.) According to Plaintiff, on or about April 15, 2021, there was a shake down, which Plaintiff contends was in retaliation for his then-pending civil case, presumably: (a) *Frazier v. Colthfelt, et al.* (Case No. 2:19-cv-10389-DML-PTM), a case in which Savicke and McCumber-Hemry were named; and/or, (2) *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG), a case in which Nagy was named. (ECF No. 1, PageID.4-5 ¶ 6; ECF No. 23, PageID.222.) Plaintiff claims Savicke "did a shake down of [Plaintiff's] area of control and when going in [his] 'legal footlocker' outside [his] presence s[aw] the Court['s] response to [Case No. 2:19-cv-10389-DML-PTM]," and, in retaliation, Savicke wrote a Class I misconduct for contraband of weapons, which seemingly involved McCumber-Hemry "report[ing] false claims without **[*8]** a proper investigation." (*Id.*)[3]

_____

[3] Presumably, Plaintiff is referring to the April 15, 2021 contraband removal record (two pieces of sharpened metal, one with a wooden handle) and the resulting Class I misconduct for possession of a weapon signed by McCumber-Hembry, for which the hearing took place on April 22, 2021 and Plaintiff was found not guilty. *See* Case 4:20-cv-11105-MFL-DRG (ECF No. 26, PageID.198-203, therein) (now closed). In a subsequent filing in the instant matter, Plaintiff seems to describe this particular misconduct ticket and hearing process as follows: "Because of my constant complaining about [JCF] conditions, prison officials engaged in

4

Plaintiff alleges that "[r]acial prejudice geared towards [him] since April 15, 2021, has reached [its] highest point due to [Savicke and McCumber-Hemry], et al., leaving [his] blue legal footlocker open . . . ." (*Id.*, PageID.8-9 ¶ 9.) He was then "faced with more retaliation from prisoners and (JCF) employe[es] . . . ." (*Id.*) He describes threats he allegedly received on or about April 20, 2021 from Melvin and/or Kruger (Kreuger). (*Id.*, PageID.10 ¶ 11.)[4] He also describes employees viewing his legal mail in segregation on April 22 and/or April 23, 2021. (*Id.*, PageID.11 ¶ 13.)

Plaintiff claims his misconduct hearing took place on April 24, 2021 (although as noted earlier it appears to have occurred on April 22, 2021), even though he had not been provided "proper 24 hours notice for seeing a hearings investigator[.]" (*Id.*, PageID.5-6 ¶ 7.) Plaintiff signed the instant complaint on April 27, 2021 - seemingly the same date of the mediation conference in Case No. 4:20-cv-11105-MFL-DRG and *a mere three to five days* after the misconduct hearing. (ECF No. 1, PageID.16-17.)

## 2. Exhaustion

Each of the pending motions for summary judgment currently before the Court **[*9]** presents the same issue - *i.e.*, whether "Frazier failed to properly exhaust administrative remedies on any of his claims against MDOC Defendants[?]" (ECF No. 14, PageID.113; ECF No. 28, PageID.252.) Because Defendants Bailey and Savicke adopt by reference their co-Defendants' motion

---

severe retaliation by planting a dangerous weapon in my cubical designated area of control and required another prison official to search my area and find the weapon and issue me a major misconduct report and threw me in segregation, but fortunately I was able to prove the setup, where I was found not guilty on the misconduct report." (ECF No. 33, PageID.298.)

[4] Incidentally, on or about April 20, 2021, Plaintiff: (a) received a misconduct for "out of place," for which the hearing took place on April 27, 2021 (and Plaintiff's testimony mentioned Melvin and Kreuger), of which Plaintiff was found guilty, and regarding which Security Classification Committee (SCC) member Defendant Bailey signed an April 27, 2021 security reclassification notice; (b) was issued a contraband removal record, which reflects confiscation of a white pair of Reebok tennis shoes (size 10); and, (c) received a misconduct for "disobeying a direct order" to "put some shower shoes on his feet . . . [,]" for which the hearing took place on April 30, 2021 and of which Plaintiff was found guilty. *See* Case 4:20-cv-11105-MFL-DRG (ECF No. 26, PageID.204-210, therein).

(*see* ECF No. 28, PageID.254), this report only cites to Defendants Nagy and McCumber-Hemry's motion (ECF No. 14) going forward.

"No action shall be brought with respect to prison conditions under *section 1983* of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *42 U.S.C. § 1997e(a)* (emphasis added). The MDOC's 3-step prisoner/parolee grievance procedure is set forth in MDOC PD 03.02.130 (effective March 18, 2019). (ECF No. 14-2.) Importantly, this policy directive provides: "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy." (*Id.*, ¶ C.)

## 3. Plaintiff's grievances

Frazier's MDOC Prisoner Step III Grievance Report confirms receipt **[*10]** of multiple Step III grievances during an approximate 6.5-year period (January 1, 2015 - August 11, 2021). (ECF No. 14-3.) However, only 4 of those grievances - JCF-21-04-0779-28E, JCF-21-04-0728-28C, JCF-21-04-0769-28E, & JCF-21-04 0770-28E - were received at Step I in April 2021, and each had a related Step III grievance received on June 1, 2021. (ECF No. 14-3, PageID.139.)

Plaintiff initiated this matter on April 27, 2021 or April 28, 2021 (the post marked date). (ECF No. 1, PageID.16-18.) Thus, there was only a brief, approximate 2-week time period between the mid-April alleged retaliation and the late-April 2021 filing of this lawsuit. More to the point, the late-April 2021 filing of this lawsuit occurred *prior to* the MDOC's June 1, 2021 receipt of Plaintiff's Step III grievance appeals in JCF-21-04-0779-28E, JCF-21-04-0728-28C, JCF-21-04-0769-28E, & JCF-21-04 0770-28E. As Defendants correctly contend, when Plaintiff filed the instant lawsuit (on April 27 or 28, 2021), "he had not pursued through Step III any grievances arising out of the alleged incidents occurring [i]n April . . . 2021, which form the basis of his claims." (ECF No. 14, PageID.115-116; *see also id.*, PageID.123-124.) **[*11]** In other words, even if JCF-21-04-0779-28E, JCF-21-04-0728-28C, JCF-21-04-0769-28E, or JCF-21-04 0770-28E concerned Plaintiff's claims in this lawsuit against Nagy, McCumber-Hemry, Bailey, and/or Savicke, these grievances would not operate to exhaust Plaintiff's administrative remedies with respect to the

claims set forth in Plaintiff's late-April 2021 complaint, because claims grieved in those grievances would not have been exhausted until sometime after June 1, 2021. Accordingly, to the extent Plaintiff relies upon his pursuit of any of these grievances to exhaust his claims in the present matter against Nagy, Bailey, Savicke and/or McCumber-Hemry, the April 2021 complaint is premature.

### 4. Availability of administrative remedies

#### a. Plaintiff's April 2021 complaint

From the first paragraph of his complaint, Plaintiff seems to "claim" relief under *Ross v. Blake, 578 U.S. 632, 643, 136 S. Ct. 1850, 195 L. Ed. 2d 117 (2016)*. (ECF No. 1, PageID.1 ¶ 1.) In *Ross*, the Supreme Court stated: (a) "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (b) "an administrative scheme might be so **[*12]** opaque that it becomes, practically speaking, incapable of use[;]" and, (c) "the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross, 578 U.S. at 643-644*.

#### b. Plaintiff's November 2021 response

Plaintiff's response to Nagy and McCumber-Hemry's motion for summary judgment is multi-faceted. He seeks relief with respect to his pleading. For example, he cites various subsections of the summary judgment rule, such as *Fed. R. Civ. P. 56(c)(2)* ("Objection That a Fact Is Not Supported by Admissible Evidence."), *Fed. R. Civ. P. 56(c)(3)* ("Materials Not Cited."), and *Fed. R. Civ. P. 56(c)(4)* ("Affidavits or Declarations."), as well as *Fed. R. Civ. P. 56(e)* ("Failing to Properly Support or Address a Fact."), and asks that the Court enter an order granting summary judgment in *his* favor, presumably under *Fed. R. Civ. P. 56(f)(1)*. (*Id.*, PageID.210, 211, 219, 223.) Additionally, he seems to seek mental or emotional damages as discussed in *Siggers-El v. Barlow, 433 F Supp. 2d 811, 815-817 (E. D. Mich. 2006)* (Tarnow, J.). (*Id.*, PageID.221, 225, 237.) And, should the case not be decided on summary judgment, he requests a jury trial. (*Id.*, PageID.222, 226.)

He additionally refers to some of his other cases - *Frazier v. Woods, et al.* (Case 2:17-cv-00089-JTN-MV) (W.D. Mich.) (his "original" case), *Frazier [*13] v. Colthfelt, et al.* (Case No. 2:19-cv-10389-DML-PTM) (his "original action" in the E.D. Mich.), and *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG). (*Id.*, PageID.219-221, 223, 225.) And, he: (i) attaches a copy of an October 19, 2021 declaration (signed by Robinson and Christian Hogg) (*see id.*, PageID.230-233), which was apparently filed in *Frazier v. Woods, et al.* (Case 2:17-cv-00089-JTN-MV) (W.D. Mich.) and/or Plaintiff's related and still pending appeal (Case No. 21-2900 (6th Cir.); and, (ii) asks the Court to consider evidence submitted in *Frazier v. Washington, et al.* (Case No. 4:20-cv-11105-MFL-DRG), namely, the April 2021 material to which Judge Grand cited in his June 29, 2021 order (ECF No. 30, PageID.230, therein). (ECF No. 23, PageID.220, 221, 223.)

Although Plaintiff's response is multi-faceted, his citations to ECF No. 14 make clear that he intended this filing to be a response to Defendants Nagy and McCumber-Hemry's October 4, 2021 motion for summary judgment. (*Id.*, PageID.210, 220, 222.) Throughout the filing, Plaintiff claims the grievance process was unavailable, at one point contending that grievance coordinator McCumber-Hemry and correctional officer **[*14]** Savicke, in concert, made any administrative remedy "unavailable" for Plaintiff. (ECF No. 23, PageID.210, 211, 213, 215, 218, 219, 223, 226.) Yet, focusing upon his "legal arguments," (*id.*, PageID.223-225), Plaintiff's response is ineffective. First, he contends that the PLRA does not require *pro se* prisoners "to continue repeatedly to exhaust *unavailable* 'MDOC' administrative remedies" as to Defendants who are "involved in other pending lawsuits," who are "named as Defendants," and who "continue[] to retaliate on him prior to bringing a new claims on same MDOC Defendants" for violation of his constitutional rights. (*Id.*, PageID.223 (emphasis added).) But, considering Plaintiff submitted four Step I grievances at JCF during April 2021, he does not explain how the MDOC's grievance procedure - as outlined in MDOC PD 03.02.130 - was unavailable. Nor does he point to any law excusing him from grieving prison officials based on the fact that they are "involved in other pending lawsuits." Second, Plaintiff contends that Defendants - who were "parties in prior filed lawsuits," engaged in a search of his cell, and looked through his legal footlocker, at which point they saw their names on **[*15]** "filed complaints" and then retaliated against him - are not entitled to immunity. (*Id.*, PageID.224.) This is a merits-based argument. The

same can be said of Plaintiff's observation that "[n]o person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting." *42 U.S.C. § 1997d.* (ECF No. 23, PageID.218.) However, the issue presently before the Court is whether Plaintiff has exhausted his available administrative remedies as to his claims, not whether those claims have merit (*i.e.*, whether retaliation actually occurred). Defendants are entitled to raise a meritorious argument that Plaintiff has failed to comply with *42 U.S.C. § 1997e(a)*'s exhaustion requirement before filing this lawsuit. Such an argument is not, as Plaintiff describes it, a "sham." (*Id.*, PageID.224.)

### c. Plaintiff's February 2022 response

Later, in what seems to have been Plaintiff's response to Bailey and Savicke's motion for summary judgment (ECF No. 28), Plaintiff claims to be "house[d] under conditions that render it impossible to engage in any form of meaningful litigation or [legal] research." (ECF No. 33, PageID.297-298.) Among the things with which he specifically **[*16]** takes issue are: (a) closure of the law library; (b) refusal to provide reasonable access to research material, reasonable assistance in preparing proceedings, or reasonable legal photocopies; (c) damage to his vision; (d) daily exposure to second-hand smoke from prisoners' drug use, which impairs him mentally, dilates his pupils, and causes bloodshot eyes; (e) constant fear of the behavior and consequences of drug-addicted prisoners; and, (f) JCF's rat infestation, which has led to damage to and destruction of his legal records. (*Id.*, PageID.297-298.) Plaintiff claims this is causing an inordinate delay in his litigation. (*Id.*, PageID.298.) Yet, Plaintiff's alleged conditions of confinement do not convince the Court that the grievance process was unavailable where it is clear Plaintiff submitted four grievances during April 2021, and again, they tend towards a merits based focus, *i.e.*, prison conditions, rather than being responsive to the exhaustion issue. And none of this explains why he could file Step I grievances in April 2021 but not follow through with appeals of those grievances to Steps II and III.

### F. Conclusion

Plaintiff contends to have submitted proof that Defendants made **[*17]** any administrative remedies "unavailable" by violating his constitutional rights (*id.*,

PageID.226); yet, there is evidence otherwise. Here, to the extent Plaintiff argues the MDOC's grievance process was "unavailable," Defendants Nagy and McCumber-Hemry correctly observe that Plaintiff "filed four Step I grievances between April 20 and 28, 2021, and then pursued those to Step III on June 1, 2021." (ECF No. 25, PageID.242-243; ECF No. 14-3, PageID.139.) Thus, the grievance process appears to have been available to Plaintiff in April 2021. In fact, of the four April 2021 grievances: (a) JCF-21-04-0728-28C was received at Step I on April 20, 2021; (b) two others - a - were received at Step I on April 27, 2021; and, (c) JCF-21-04-0779-28E was received at Step I on April 28, 2021. Therefore, *at least one or as many as three grievances were received at Step I when Plaintiff signed his complaint on April 27, 2021, and 1 was received at Step I on the date Plaintiff's complaint was post-marked.* Accordingly, the Court should conclude that "the grievance process was available to Frazier, but he did not exhaust any claims arising out of the alleged April . . . 2021, incident[s] when he filed his **[*18]** lawsuit on April 27 [or 28], 2021." (ECF No. 25, PageID.243.)

For the reasons stated above, the Court should **GRANT** Defendants' motions for summary judgment on the basis of exhaustion (ECF Nos. 14, 28) and dismiss Plaintiff's claims without prejudice. *See, e.g., Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)* (recognizing that "plaintiff made some attempts to go through the prison's grievance procedures," noting that "he filed his federal complaint before allowing the administrative process to be completed.").

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in *Fed. R. Civ. P. 72(b)(2)* and *E.D. Mich. LR 72.1(d)*. Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)*; *Howard v. Sec'y of Health & Human Servs., 932 F.2d 505 (6th Cir. 1991)*. Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991)*; *Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1273 (6th Cir. 1987)*. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

7

2022 U.S. Dist. LEXIS 178697, *18

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. **[*19]** Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. *Fed. R. Civ. P. 72(b)(2)*; *E.D. Mich. LR 72.1(d)*. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: July 27, 2022

/s/ Anthony P. Patti

Anthony P. Patti

UNITED STATES MAGISTRATE JUDGE

---

**End of Document**

State of Michigan ▮▮▮▮▮▮▮▮▮▮▮▮

FORMAL COMPLAINT TO RECOVER A TAX REFUND ECoNomic IMPACT PAYMENTS SUM CERTAIN, OR SHOW CAUSE

Lower Ct. No. 22-0001 78-AA
CoA No. 364094
Hon.

Ann Arbor Courthouse Southern Division

Court Address: Lansing Office 926 W. Ottawa St. Court Telephon No. (517) 375-0786
P.O. Box 30022, Lansing, MI 48909-8522
Ann Arbor Southern Division Court Phone No. 734-741-2106
734-222-3945 or

PRO SE: Prisoner Plaintiff, ALVIN D. FRAZIER, SR.,
Appellant,

V.

Michigan Department of Corrections
Defendant(s) Appellees.

F I L E D
FEB - 3 2023
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## PROOF OF SERVICE

I Alvin Dwayne Frazier, Sr., declare under penalty of perjury that on January ____, 2023, I mailed by first Class mail prepaid one Copy/Copies of:

1. This Proof of service ending with Certification;
2. Formal Complaint To Recovery A TAX Refund Economic Impact Payments Sum Certain.

Dated: 1/30/2023                    /S/ Alvin D. Frazier

## CERTIFICATE OF SERVICE

I hereby Certify that on January ____, 2023, I mailed the forgoing papers Via U.S. Mail prepaid to this Michigan Court of Appeals Lansing Office list in this filings Caption.

/S/ Alvin D. Frazier, Sr.,
Pro Se Appellant

Dated: 1/30/2023

ALVIN DWAYNE FRAZIER SR. #371628
G. Robert Cotton Correctional Facility (JCF)
3500 North Elm Road
Jackson, MI 49201

Page 1 of 4

To: Clerk of the Court
Michigan Court of Appeals [CoA]
Lansing OFFice, State of Mich.
925 Ottawa St. P.O. Box 30022
Lansing, MI 48909-7522

to: Clerk of Court
Ann Arbor Southern Division
200 E. Liberty St, Ste 226,
Ann Arbor, MI 48104

Re: FORMAL COMPLAINT TO RECOVER A TAX
REFUND ECONOMIC IMPACT PAYMENT(S)
SUM CERTAIN.

Statement of Jurisdiction: This action arises under
the United States Constitution, a Federal Court ordered
this Notice in the case S'Choll v. Mnuchin, No. 4:20-
CV-5309-PJH (N.D. Cal.) appeal docketed, No. 20-16915
(9th Cir.) the Cares Act Economic Impact Payment and
my rights was violated under Articles [VIII] and IX;
28 U.S.C.A. § 2411 federal Statute.

(a) On Economic Impact Payments Deduction Exempt by
Court from Debt Collection due to Federal Court order:
    1. On or about 12/16/2022, I received "Deduction
Exempt-NO SIGMA" payments privileges in the amounts
of $13.20, $32.16, and $33.26 that was all payments
Exempt from any Collections due to overpayment returned from

1

Eastern U.S. District Court, (Pay Date: 12/16/2022
Check Number: 510159851 without a interest added that
Should have been. I state that my original institutional
money receipt did not specify where exempt funds had
came from. (See Attachment 1, of enclosed Exhibit A.), page.
(b) 2. On May 1, 2022 — June 2, 2022, Cotton "JCF"
Business Manager T. Schubring, Accounting Tech. Ms. Linda
Anderson, Jane Does or John Does listed daily
transaction Summary which could be seen is contrary
to the outside Source Money Receipt gave to me
of Payer: United States Treasury. Money Type Check.
Check Number: 4041955074155. See Exhibits B. Highlighted
Short Answer response from Business Manager responsibities and of
Accounting Office (JCF) prison employees as Attachment 2),
(1 thru 6 pages).
3. The amount due is $600. dollars due out the sum
of $1,858.22 with interest at the rate of percentage
required by law these days. A copy of the I.R.S. Economic
Impact Payment(s) received are attached as Exhibits A, and
B, and I Summarize my requests as follows: Scholl V.
Mnuchin.
   4. The defendant's T. Schubring, et al., has not paid the
amount required owed or Corrected problem even with having
prior knowledge I personal brought to his attention. I have
exhausted grievances thru all steps required of MDOC prisons.

On prisoner Mr. Alvin D. Frazier, Sr., inmate number 379628 Account Prisoner Statements gave Shows:

The defendants of MDOC owes Plaintiff Mr. Frazier, Sr., 379628, $600. with interests for him to this date have not received the benefit of Tax Refund treated as exampted as Federal Court order according to his account set out in Exhibit A.

For money paid by mistate out prisoner Mr. Frazier Sr., account to Courts or for prisoner debts by the Cotton (JCF) prison defendant Mr. T. Schubring, the prison Business Manager on 5/19/2022 03:51 pm, or approximately under these Circumstances: Mr. Alvin Frazier Sr., being a prisoner held at Cotton (JCF), it's business Manager is completely responsible particularly in accordance with MDoc Cotton JCF prison agreement with the state of Michigan Legislators MDoc Director Ms. Heidi Washington, the Governor of state of Michigan, Attorney Generals Danna Nessel, et al., to follow MDOC Prisons policy Directives P.D. 04.02.120(J)(C), was not done, P.D. 03.02.135(2)(E) Ms. K. Napier, the Administrative Assistant to the Director who serves as Cotton (JCF) liaison for it's facility and programs is also responsible for loss prisoner gift of Funds of Alvin Frazier Sr. received in Concert with P.D. 04.02.105 that Continue to be violated with no Corrections with all named employees of MDOC having Knowledge and being well informed.

<u>For Money Had and Received:</u> The defendants owes the Plaintiff $600. for money that was received from Department of the Treasury Internal Revenue Service "IRS" Austin TX 73301-0003 on May 01, 2022 on debit Card with $1200 on a second Card because the $600. was been exampted **from** all Collections as Federal Court ordered, Money that was received from the IRS on June 02, 2022, was to be paid by defendant Linda Anderson who had sent debit Cards back to IRS so the IRS will return Economic Impact Exempted payments back in Check form to avoid exempting payments to Plaintiff Prisoner Mr. Frazier, Sr., inmate number 379628.

<u>Demand for Judgment:</u>
        Therefore, Pro se Plaintiff Alvin Dwayne Frazier, Sr., demands Judgment against the defendant Mr. T. Schubring, Linda Anderson, Noah Nagy, et al., for $600., plus intrest and costs of losses. due to failure to pay attorney forward to hold property or represent me.

January 30, 2023                          /S/ Alvin D. Frazier #379628
                                          Alvin D. Frazier, Sr. #379628
                                          G. Robert Cotton Corr. Fac. (JCF)
                                          3500 North Elm Road
                              4           Jackson, MI 49201

Exhibit A.  page 1 of 1

ID#: 379628           Name: FRAZIER,ALVIN        HOUSING UNIT: TA006BOTU
INSTITUTION:     JCF            DATE:     12/25/2022 10:17:34 PM

| Date | Description | Doc # | Credit | Debit |
|------|-------------|-------|--------|-------|
| 12/27/2022 | PHONE CREDITS | | | $10.00 |
| 12/22/2022 | COMMISSARY SALE | | | $31.34 |
| 12/21/2022 | REGULAR COPIES DISBURSEMENT | | | $0.20 |
| 12/21/2022 | NOTARY DISBURSEMENT | | | $1.00 |
| 12/20/2022 | PHONE CREDITS | | | $15.00 |
| 12/19/2022 | LEGAL STAMPS | | | $2.40 |
| 12/19/2022 | KIOSK REQUEST | | | $9.00 |
| 12/18/2022 | KIOSK REQUEST | | | $8.62 |
| 12/16/2022 | DEDUCTION EXEMPT - NO SIGMA | | $13.20 | |
| 12/16/2022 | DEDUCTION EXEMPT - NO SIGMA | | $32.16 | |
| 12/16/2022 | DEDUCTION EXEMPT - NO SIGMA | | $33.26 | |
| 12/15/2022 | REGULAR COPIES DISBURSEMENT | | $0.00 | |
| 12/14/2022 | JCF-SCHOOL | | $2.16 | |
| 12/14/2022 | JCF-SCHOOL | | $11.88 | |
| 12/14/2022 | KIOSK REQUEST | | | $10.00 |
| 12/9/2022 | REGULAR COPIES DISBURSEMENT | | $0.00 | |
| 11/30/2022 | LEGAL COPIES - PBF | | | $0.34 |
| 11/30/2022 | LEGAL COPIES - PBF | | | $0.51 |
| 11/30/2022 | LEGAL COPIES - PBF | | | $0.60 |
| 11/30/2022 | LEGAL POSTAGE - PBF | | | $1.59 |
| 11/30/2022 | LEGAL COPIES | | | $2.40 |
| 11/29/2022 | REGULAR COPIES DISBURSEMENT | | $0.00 | |
| 11/28/2022 | REGULAR COPIES DISBURSEMENT | | $0.00 | |
| 11/17/2022 | LEGAL COPIES DISBURSEMENT | | $8.60 | |
| 11/17/2022 | LEGAL COPIES DISBURSEMENT | | | $8.60 |
| 12/28/2022 | **      Current Balance: $1.06      ** | | | |

TA - 6

I'm pretty sure Linda would have responded right away.

Short answer: The check came as a Tax Refund, which debts can be collected from.

Long answer: The check came as a Tax Refund, which debts can be collected from. He had over $1858 in debts, some of which are institutional debts that collect at 100%. $704.37 went towards institutional debt, and the others are held until checks can be cut (2nd picture below). He has a $0 available balance and still owes $892.56 in debts. The majority of his remaining debt appears to be institutional debt, so it will collect at 100% until paid in full or he paroles. If he gets $10 put in his account, it will be collected.

Let me know if you have any other questions.

## Daily Transaction Summary: May 01, 2022 - June 02, 2022

| | | | |
|---|---|---|---|
| Offender Number: 0379628 | | Institution: JCF | Living Unit: TA |
| Offender Name: Frazier, Alvin Dwayne | | Housing Facility: JCF | Cell: 006 |
| Account Status: Open | | Tier: U | Bed: Bot |

| Date | Transaction Type | Payer / Paid To | Voucher Number | Deposi |
|---|---|---|---|---|
| 05/01/2022 | | | | |
| 05/04/2022 07:02:08 AM | Regular Copies Disbursement | JCF PBF Copies | REG CPY NSF $2.10 | |
| 05/13/2022 09:11:23 AM | JCF-School | 400 - School | | $0.5 |
| 05/16/2022 07:40:09 PM | Kiosk Request | JPay Inc. | | |
| 05/18/2022 07:07:14 AM | Regular Copies Disbursement | JCF PBF Copies | reg cpy jcf 05.17.22 | |
| 05/19/2022 03:51:24 PM | Tax Refund | United States Treasury | | $1,858.2 |

1

# Outside Source Money Receipt

**Name:** Alvin Dwayne Frazier

**Tier:** U

**Offender #:** 0379628

**Living Unit:** TA

**Housing Facility:** JCF

**Cell:** 006     **Bed:** Bot

**Payer:** United States Treasury

**Money Type:** Check

**Pay Date:** 5/19/2022

**Check Number:** 4041 95507455

| | |
|---|---:|
| Gross Amount | $1,858.22 |
| Less Cash Received | $0.00 |
| Net Amount | $1,858.22 |
| Deductions/Holds | |
| DOC Sanction - 89768117 | -$13.22 |
| DOC Sanction - 89768120 | -$0.90 |
| DOC Sanction - 89770740 | -$1.45 |
| DOC Sanction - 89803065 | -$1.60 |
| DOC Sanction - 89803066 | -$0.50 |
| DOC Sanction - 89985325 | -$1.45 |
| DOC Sanction - 90025711 | -$0.95 |
| DOC Sanction - 90025712 | -$1.00 |
| DOC Sanction - 90025713 | -$1.00 |
| DOC Sanction - 90033887 | -$2.10 |
| DOC Sanction - 90033888 | -$0.10 |
| DOC Sanction - 90139733 | -$0.50 |
| DOC Sanction - 90235749 | -$1.00 |
| DOC Sanction - 90235756 | -$2.00 |
| DOC Sanction - 90236452 | -$0.40 |
| DOC Sanction - 90236458 | -$0.10 |
| DOC Sanction - 90237071 | -$1.30 |
| DOC Sanction - 90263906 | -$0.50 |
| DOC Sanction - 90451811 | -$7.86 |
| DOC Sanction - 90453074 | -$1.05 |
| DOC Sanction - 90453075 | -$0.30 |
| DOC Sanction - 90453081 | -$0.15 |
| DOC Sanction - 90489003 | -$1.45 |
| DOC Sanction - 90489004 | -$1.90 |
| DOC Sanction - 90557125 | -$1.45 |
| DOC Sanction - 90582688 | -$0.65 |
| DOC Sanction - 90582689 | -$1.30 |
| DOC Sanction - 90624666 | -$7.85 |
| DOC Sanction - 90624667 | -$0.50 |
| DOC Sanction - 90632807 | -$0.50 |
| DOC Sanction - 90641143 | -$0.50 |
| DOC Sanction - 90649012 | -$1.60 |
| DOC Sanction - 90649013 | -$2.05 |
| DOC Sanction - 90686418 | -$1.00 |
| DOC Sanction - 90686423 | -$4.00 |
| DOC Sanction - 90686426 | -$1.00 |
| DOC Sanction - 90686432 | -$1.00 |
| DOC Sanction - 90686433 | -$2.00 |
| DOC Sanction - 90686434 | -$1.00 |

# Outside Source Money Receipt

| | |
|---|---|
| DOC Sanction - 90686760 | -$4.50 |
| DOC Sanction - 90686761 | -$0.20 |
| DOC Sanction - 90686762 | -$22.60 |
| DOC Sanction - 90686774 | -$0.40 |
| DOC Sanction - 90700424 | -$0.65 |
| DOC Sanction - 90739329 | -$0.65 |
| DOC Sanction - 90739330 | -$0.50 |
| DOC Sanction - 90752282 | -$0.50 |
| DOC Sanction - 90762203 | -$0.50 |
| DOC Sanction - 90762204 | -$0.50 |
| DOC Sanction - 90762205 | -$0.50 |
| DOC Sanction - 90887667 | -$1.15 |
| DOC Sanction - 90887668 | -$0.90 |
| DOC Sanction - 90887812 | -$2.00 |
| DOC Sanction - 90887814 | -$2.00 |
| DOC Sanction - 90887820 | -$1.00 |
| DOC Sanction - 90887823 | -$4.00 |
| DOC Sanction - 90890086 | -$2.60 |
| DOC Sanction - 91070736 | -$0.55 |
| DOC Sanction - 91070736 | -$1.20 |
| DOC Sanction - 91070737 | -$2.05 |
| DOC Sanction - 91100678 | -$2.50 |
| DOC Sanction - 91100679 | -$0.65 |
| DOC Sanction - 91147198 | -$0.30 |
| DOC Sanction - 91147206 | -$2.40 |
| DOC Sanction - 91147217 | -$1.05 |
| DOC Sanction - 91147219 | -$1.20 |
| DOC Sanction - 91148052 | -$1.00 |
| DOC Sanction - 91148053 | -$5.00 |
| DOC Sanction - 91148058 | -$2.00 |
| DOC Sanction - 91148059 | -$3.00 |
| DOC Sanction - 91148299 | -$4.80 |
| DOC Sanction - 91148301 | -$7.20 |
| DOC Sanction - 91251194 | -$1.45 |
| DOC Sanction - 91251195 | -$0.50 |
| DOC Sanction - 91457493 | -$0.90 |
| DOC Sanction - 91489366 | -$0.50 |
| DOC Sanction - 91514030 | -$0.50 |
| DOC Sanction - 91577575 | -$0.50 |
| DOC Sanction - 91577576 | -$0.50 |
| DOC Sanction - 91614273 | -$1.00 |
| DOC Sanction - 91614284 | -$2.00 |
| DOC Sanction - 91704522 | -$0.65 |
| DOC Sanction - 91705007 | -$0.50 |
| DOC Sanction - 91705008 | -$0.50 |
| DOC Sanction - 91927053 | -$1.15 |
| DOC Sanction - 91927067 | -$0.90 |
| DOC Sanction - 91929738 | -$2.00 |
| DOC Sanction - 91930347 | -$0.60 |

# Outside Source Money Receipt

| | |
|---|---:|
| DOC Sanction - 92018612 | -$1.60 |
| DOC Sanction - 92018613 | -$0.80 |
| DOC Sanction - 92087566 | -$7.85 |
| DOC Sanction - 92106933 | -$1.50 |
| DOC Sanction - 92106938 | -$1.95 |
| DOC Sanction - 92107032 | -$1.00 |
| DOC Sanction - 92107033 | -$2.00 |
| DOC Sanction - 92107118 | -$1.20 |
| DOC Sanction - 92107120 | -$0.60 |
| DOC Sanction - 92107122 | -$28.80 |
| DOC Sanction - 92107129 | -$0.60 |
| DOC Sanction - 92207428 | -$8.30 |
| DOC Sanction - 92330752 | -$0.15 |
| DOC Sanction - 92330959 | -$3.00 |
| DOC Sanction - 92330962 | -$1.00 |
| DOC Sanction - 92330965 | -$2.00 |
| DOC Sanction - 92330968 | -$2.00 |
| DOC Sanction - 92331150 | -$2.80 |
| DOC Sanction - 92331154 | -$0.20 |
| DOC Sanction - 92331155 | -$6.20 |
| DOC Sanction - 92331156 | -$0.60 |
| DOC Sanction - 92406786 | -$0.50 |
| DOC Sanction - 92444304 | -$0.50 |
| DOC Sanction - 92444305 | -$0.50 |
| DOC Sanction - 92444306 | -$0.50 |
| DOC Sanction - 92444307 | -$0.50 |
| DOC Sanction - 92504062 | -$10.90 |
| DOC Sanction - 92512180 | -$0.65 |
| DOC Sanction - 92553058 | -$2.00 |
| DOC Sanction - 92553060 | -$1.00 |
| DOC Sanction - 92553061 | -$8.00 |
| DOC Sanction - 92553069 | -$1.00 |
| DOC Sanction - 92553070 | -$1.00 |
| DOC Sanction - 92553073 | -$1.00 |
| DOC Sanction - 92553179 | -$0.90 |
| DOC Sanction - 92553187 | -$4.90 |
| DOC Sanction - 92553189 | -$0.10 |
| DOC Sanction - 92592341 | -$2.80 |
| DOC Sanction - 92619685 | -$0.50 |
| DOC Sanction - 92619686 | -$0.95 |
| DOC Sanction - 92619687 | -$0.50 |
| DOC Sanction - 92619825 | -$0.25 |
| DOC Sanction - 92619825 | -$0.25 |
| DOC Sanction - 92843689 | -$1.15 |
| DOC Sanction - 92844366 | -$7.00 |
| DOC Sanction - 92846825 | -$8.30 |
| DOC Sanction - 92904939 | -$1.60 |
| DOC Sanction - 92959830 | -$1.40 |
| DOC Sanction - 93030509 | -$6.00 |

# Outside Source Money Receipt

| | |
|---|---:|
| DOC Sanction - 93030933 | -$1.90 |
| DOC Sanction - 93030934 | -$1.20 |
| DOC Sanction - 93044878 | -$2.60 |
| DOC Sanction - 93044879 | -$1.80 |
| DOC Sanction - 93077094 | -$0.50 |
| DOC Sanction - 93378663 | -$0.30 |
| DOC Sanction - 93387834 | -$9.00 |
| DOC Sanction - 93387838 | -$1.00 |
| DOC Sanction - 93388139 | -$15.20 |
| DOC Sanction - 93463261 | -$10.80 |
| DOC Sanction - 93463261 | -$0.10 |
| DOC Sanction - 93463262 | -$10.90 |
| DOC Sanction - 93472717 | -$2.80 |
| DOC Sanction - 93552147 | -$1.15 |
| DOC Sanction - 93552154 | -$0.15 |
| DOC Sanction - 93553153 | -$3.00 |
| DOC Sanction - 93553155 | -$1.00 |
| DOC Sanction - 93553156 | -$2.00 |
| DOC Sanction - 93553169 | -$2.00 |
| DOC Sanction - 93553171 | -$1.00 |
| DOC Sanction - 93553512 | -$59.20 |
| DOC Sanction - 93553519 | -$4.00 |
| DOC Sanction - 93553521 | -$38.40 |
| DOC Sanction - 93553523 | -$10.20 |
| DOC Sanction - 93588778 | -$2.00 |
| DOC Sanction - 93588779 | -$0.65 |
| DOC Sanction - 93605385 | -$0.65 |
| DOC Sanction - 93605386 | -$0.50 |
| DOC Sanction - 93628914 | -$0.50 |
| DOC Sanction - 93638683 | -$0.70 |
| DOC Sanction - 93638683 | -$1.70 |
| DOC Sanction - 93638684 | -$0.65 |
| DOC Sanction - 93884938 | -$1.95 |
| DOC Sanction - 93885055 | -$1.80 |
| DOC Sanction - 94088557 | -$5.00 |
| DOC Sanction - 94336917 | -$0.50 |
| DOC Sanction - 94336918 | -$0.50 |
| DOC Sanction - 94493901 | -$3.58 |
| DOC Sanction - 94493902 | -$2.80 |
| DOC Sanction - 94731252 | -$0.50 |
| DOC Sanction - 94746768 | -$2.00 |
| DOC Sanction - 94746771 | -$4.00 |
| DOC Sanction - 94746912 | -$72.60 |
| DOC Sanction - 94746918 | -$17.20 |
| DOC Sanction - 95060771 | -$4.50 |
| DOC Sanction - 95060772 | -$9.64 |
| DOC Sanction - 95060773 | -$10.90 |
| DOC Sanction - 95060774 | -$3.40 |
| DOC Sanction - 95198906 | -$1.51 |

*6:54 p.m.*

## Outside Source Money Receipt

| | |
|---|---|
| DOC Sanction - 95212959 | -$0.70 |
| DOC Sanction - 95235926 | -$3.00 |
| DOC Sanction - 95235932 | -$4.00 |
| DOC Sanction - 95235934 | -$7.00 |
| DOC Sanction - 95236085 | -$1.10 |
| DOC Sanction - 95236086 | -$10.40 |
| DOC Sanction - 95236087 | -$0.40 |
| DOC Sanction - 95236088 | -$9.90 |
| DOC Sanction - 95514631 | -$9.70 |
| DOC Sanction - 95514632 | -$3.20 |
| DOC Sanction - 95514633 | -$0.80 |
| DOC Sanction - 95634571 | -$0.85 |
| DOC Sanction - 95654924 | -$8.00 |
| DOC Sanction - 95655208 | -$2.21 |
| Court Filing Fee - 19-10844 | -$3.02 |
| Court Filing Fee - 19-11248 | -$14.59 |
| Court Filing Fee - 2:17-CV-89 APP | -$202.55 |
| Court Filing Fee - 20-11105 | -$59.23 |
| Court Filing Fee - 21-11119 | -$350.00 |
| Court Filing Fee - 2:21-cv-11149 | -$47.71 |
| Court Filing Fee - 2:21-cv-11149 | -$302.29 |
| Court Filing Fee - 22 178 AA | -$175.00 |

| | |
|---|---|
| Credit To Spendable Balance | $10.46 |

**Transaction ID:** 5704562

L. Robert Cotton Facility (JCF) prison
3500 North Elm Road
Jackson, MI 49201

To: Clerk of the Court
Southern Division of Ann Arbor
200 E. Liberty St. Ste 226
Ann Arbor, MI 48104